IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>JASPER DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 6:25-cr-103-ACA-JHE |
| v. | ) |
| | ) |
| CARL LOFTON CARPENTER | ) |

<u>PLEA AGREEMENT</u>

The Government and the defendant, **CARL LOFTON CARPENTER**, hereby acknowledge the following plea agreement in this case:

<u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNTS ONE and TWO** of the Indictment filed in the above-numbered and -captioned matter; (ii) stipulate to United States Sentencing Guideline §3A1.3 (Restraint of Victim)-2 Level Enhancement and §3A1.1 (Vulnerable Victim)-2 Level Enhancement, and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agree to recommend the disposition specified below, subject to the conditions in section **VII**.

Page **1** of **15**        Defendant's Initials ___

## TERMS OF THE AGREEMENT

**I.   MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Deprivation of Rights under Color of Law, in violation of Title 18, United States Code, Section 242, as charged in **COUNTS ONE and TWO** are:

    A.   Imprisonment for not more than ten years;

    B.   A fine of not more than $250,000.00, or;

    C.   Both (a and b);

    D.   Supervised release of not more than three years; and

    E.   Special Assessment Fee of $100 per count.

**II.   FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On January 12, 2023, Walker County Sheriff's deputies responded to the home of Individual #1 in response to a request that they conduct a mental health welfare check on him. Individual #1 was arrested after he allegedly fired a gun while deputies were on his property. Once Individual #1 was secured by being handcuffed behind his back, he was evaluated by emergency medical personnel in the presence of the Walker County Sheriff, who determined that Individual #1 would be transported to the Walker County Jail ("Jail") despite Individual #1 demonstrating symptoms of severe mental illness, including expressing delusions related to demons and portals.

To transport Individual #1 to the Jail, law enforcement officers escorted him approximately 75 yards from an area near a barn in which he was arrested up a slight rise to where police vehicles were parked. Defendant **CARPENTER** along with Officer #1 each took hold of one arm of Individual #1 and began walking him toward the police vehicles. During the escort, Individual #1 was compliant, obeyed commands, and posed no threat of harm to the officers, himself, or anyone else other than to continue to mutter his delusional comments.

At some point during the escort, Individual #1 stiffened momentarily, but without pulling away or making any aggressive moves toward law enforcement. In response and out of anger, defendant **CARPENTER** threw Individual #1 to the ground, where he fell on his side. Using his foot, defendant **CARPENTER** turned Individual #1 onto his back, where he lay still handcuffed behind his back. In full view and presence of Officer #1 and others, defendant **CARPENTER** raised his foot and brought it down with force between Individual #1's legs, stomping on his genitals while saying words to the effect of "this is how we treat seizures in Walker County."

At the time of his use of force, defendant **CARPENTER** was wearing boots typical of those worn by Sheriff's Office deputies while on duty. After crashing his shod foot into the penis and testicles of Individual #1, defendant **CARPENTER** and Officer #1 lifted Individual #1 up by his arms and dragged him the remainder of the way to the official police vehicle for transport to the Jail. Upon arrival at the police vehicle, defendant **CARPENTER** threw Individual #1 into the rear of the vehicle behind the driver's seat resulting in Individual #1 landing with his chest on the seat in a pike position as his legs dangled outside, facing the vehicle.

At that time, Officer #1 kicked the back of Individual #1's legs, in an apparent attempt to further inflict pain on Individual #1, as he lay immobile, face down on the car seat, half-in and half-out of the vehicle. At no time between the genital stomp and the arrival at the police vehicle did Individual #1 resist officers, act aggressively, or pose any threat to them, himself, or others. At no time after either unnecessary use of force did defendant **CARPENTER** report the uses of force to anyone despite the presence of the Sheriff and other law enforcement officers at the arrest scene.

Defendant **CARPENTER** stomped on Individual #1's genitals out of anger at Individual #1 because he had become accustomed to harming arrestees unnecessarily consistent with the "culture" of the Walker County Sheriff's Office. As defendant **CARPENTER** and Officer #1 became aware that the federal

investigation into the circumstances surrounding the arrest and detention of Individual #1 turned to them, they agreed that they would each tell federal investigators the same false version of events. Specifically, they agreed to tell federal investigators that Individual #1 was passively resisting officers during the escort from the barn and that once Individual #1 was on the ground, defendant **CARPENTER** merely used his foot to hold Individual #1 in place on the ground to ensure that Individual #1 complied with lawful law enforcement commands. In truth, defendant **CARPENTER** and Officer #1 knew that Individual #1 was compliant with commands, defendant **CARPENTER** threw Induvial #1 to the ground, and defendant **CARPENTER** used his shod foot to stomp on the genitals of Individual #1 to punish him and inflict pain without a legitimate law enforcement reason to do so.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_[signature]_
CARL LOFTON CARPENTER

### III.  RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

   A.  That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional

one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

**B.** That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent within the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**C.** That following said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

**D.** That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and,

**E.** That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV.   WAIVERS

### A.   STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, CARL LOFTON CARPENTER, hereby understand, acknowledge, and agree that if

this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

      B.     **RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, CARL LOFTON CARPENTER, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

      1.     Any sentence imposed in excess of the applicable statutory

    maximum sentence(s);

  2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

  3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

  C. **WAIVER OF RULE 410, RULE 11, AND SECTION 1B1.8(a)**

The defendant agrees that if he fails to comply with any of the provisions of this agreement, including the failure to tender such agreement to the district court, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in the agreement), the government will have the right to characterize such conduct as a breach of the agreement. In the event of such a breach, the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and the government will be free to use against the defendant, directly and indirectly, in any criminal or civil

Defendant's Initials _____

proceeding any of the information, statements, and materials provided by him pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

I, CARL LOFTON CARPENTER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
CARL LOFTON CARPENTER

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and

that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.       VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

The defendant further understands and agrees that if at any time, the government determines that the defendant has 1) falsified, concealed, covered up, or omitted a material fact; 2) made any false, fictitious, or fraudulent statement or representation; or 3) otherwise provided material information or evidence that is not full, complete, and accurate, the obligations of the government under the plea

agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. In that event, the government may also prosecute the defendant for false statements, perjury, or obstruction of justice and use any admissions made by the defendant at any time, including during plea negotiations, for any purpose. Further, such election will not entitle the defendant to withdraw his previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control,

Defendant's Initials C2C

directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;
- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.    AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.

Defendant's Initials

This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is

not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

## XIII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of fifteen (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

Defendant's Initials ___

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____NONE_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all the provisions of this plea agreement, both individually and as a total binding agreement.

3/28/2025
DATE

CARL LOFTON CARPENTER
Defendant

XIV.  **COUNSEL'S ACKNOWLEDGMENT**

I have discussed this case with my client in detail and have advised my client of all my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

3/28/25
DATE

ROBERT TUTEN
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

03/28/25
DATE

**MICHAEL A. ROYSTER**
Assistant United States Attorney

**MAC WARNER**
Deputy Assistant Attorney General
Civil Rights Division

03/28/25
DATE

**MARK BLUMBERG**
Special Legal Counsel
Civil Rights Division

03/28/25
DATE

**ANDREW CHERRY**
Trial Attorney
Civil Rights Division